UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-22430

MARIA ELENA CHAVEZ LETONA,

    Plaintiff,

vs.

MARIA HOME CARE CORP,
JENNIFER QUINTAS, and
LESBIA ANZOATEGUI,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME VIOLATION(S)

Plaintiff, Maria Elena Chavez Letona, sues Defendants, Maria Home Care Corp, Jennifer Quintas, and Lesbia Anzoategui, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Maria Elena Chavez Letona**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendants.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, Maria Home Care Corp,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6.      **Defendant, Jennifer Quintas,** was at all times material an officer/director/manager of Maria Home Care Corp, for the time period relevant to this lawsuit. She ran Maria Home Care Corp's day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and controlling her work.

7.      **Defendant, Lesbia Anzoategui,** was at all times material an officer/director/manager of Maria Home Care Corp, for the time period relevant to this lawsuit. She also ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages and controlling her work.

8.      Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9.      All Defendants employed Plaintiff.

10.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, Maria Home Care Corp, maintained its principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

11.     This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### *Facts*

12.     Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

13. Defendants have been at all times material engaged in interstate commerce in the course of their provision of care and services which, traditionally, cannot be performed without using goods, materials, medication, supplies, and equipment that have all moved through interstate commerce.

14. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical payors.

15. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

16. In particular, Defendants own and operate at least one group home facility that that provides sub-acute care to the elderly and/or infirmed who require only general treatment and/or observation of a less critical nature that provided by a hospital and utilize computers, software, medical equipment and supplies, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

17. Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

18. Defendants hired Plaintiff to work for them as a health assistant.

19. As a domestic service employee working for Defendants, Plaintiff was at all times material entitled to the protections of the FLSA pursuant to 29 C.F.R. §552.100.

20. Plaintiff worked for Defendants from about March 2009 to February 14, 2020.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the custody of Defendants.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

22. Defendants began paying Plaintiff at a rate of $50 per day, which they raised to $60 per day, and then to $70 per day during her employment with Defendants.

23. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

### *Liability*

24. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate(s) of pay for all hours that she worked over 40 hours in a given workweek.

25. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period.

26. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

27. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

28. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

29. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Maria Elena Chavez Letona, demands the entry of a judgment in her favor and against Defendants, Maria Home Care Corp, Jennifer Quintas, and Lesbia Anzoategui, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Maria Elena Chavez Letona, demands a trial by jury of all issues so triable.

Respectfully submitted this 12th day of June 2020,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
*Counsel for Plaintiff*
7300 North Kendall Drive
Suite 450
Miami, FL 33156
Tel:   305.230.4884
