UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-22430-CIV-ALTONAGA/GOODMAN

MARIA ELENA CHAVEZ
LETONA,

    Plaintiff,
v.

MARIA HOME CARE CORP, et al.,

    Defendants.
_____/

## ORDER SCHEDULING SETTLEMENT CONFERENCE

This matter having been referred to me for a settlement conference, it is **ORDERED** that a settlement conference will take place by Zoom Videoconference on **August 25, 2020 at 9:30 a.m.** The specific Zoom link and instructions will follow by separate paperless order shortly. The conference will be conducted without a court reporter so that no record of the proceedings will be maintained.

    1.    <u>Attendance</u>: The settlement conference shall be attended by counsel of record, a corporate representative for each corporate party, and all individual parties. [1]

---

[1] If any of the parties or a corporate representative is not fluent in English, then that party must arrange to retain a **certified interpreter**.

In addition, a party may not bring any outside parties to the mediation, including relatives, without the specific advance approval of the opposing party.

Corporate representatives shall have full authorization to negotiate, submit, and accept offers of settlement. For the plaintiff, this means a person authorized to accept a with-prejudice dismissal, without the receipt of any damages. For the defendant, this means a representative with sufficient settlement authority to meet plaintiff's damages demand in full. If there is insurance coverage available in this case, then a claims adjuster, claims attorney or other representative from the insurance carrier must attend the mediation. If more than one carrier is involved, then a representative from **each** carrier (including one providing only excess coverage) must appear. An insurance carrier representative must appear in person even if the "coverage" is "only" for attorney's fees and costs.[2]

2. <u>Computation of Damages:</u> At least **four days before** the settlement conference, plaintiff must submit to defendant an itemized computation of the alleged damages. Plaintiff shall provide the Undersigned with a copy of this computation at the beginning of the settlement conference.

3. <u>Settlement Offers:</u> The parties shall within 48 hours before the mediation speak (in person or on the phone, not merely by email) to discuss their client's latest settlement positions and to exchange updated offers, if any.

4. <u>Confidential Statements:</u> Each party shall prepare a **confidential**

---

[2] In exceptional circumstances, an individual may be excused from personally attending if (1) counsel or another individual has full, written authorization to negotiate, submit, and accept *all* offers of settlement and (2) the individual moves for, *and receives*, a court order granting the request.

**settlement conference statement**, which shall consist of a short summary of the procedural posture of the case and a description of the specific claims still at issue, including each party's evidentiary support and defenses. The parties should also include any other details they believe are important to achieving a settlement in this case. The confidential settlement conference statement shall be more than a mere summary of the complaint or the affirmative defenses. It should advise the Undersigned of the party's position on the strengths of that party's own case and the weaknesses of the opponent's position. <u>This statement will be confidential and will be read only by the Undersigned and the law clerk working on the file.</u> To that end, the parties are instructed to email their statements to the Undersigned's e-file inbox at goodman@flsd.uscourts.gov no later than **August 21, 2020 at 5:00 p.m.**

      **DONE AND ORDERED** in Chambers, at Miami, Florida, on July 14, 2020.

                                      Jonathan Goodman
                                      UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Cecilia M. Altonaga
All counsel of record

3